IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KIMBERLY MYHRE and KYLE MYHRE,<br><br>Plaintiffs,<br><br>vs.<br><br>VROOM AUTOMOTIVE, LLC f/k/a LEFT GATE PROPERTY HOLDING, LLC, d/b/a VROOM, WESTLAKE FINANCIAL SERVICES, LLC d/b/a WESTLAKE FINANCIAL; EQUIFAX INFORMATION SERVICES, LLC; and JOHN DOES 1-10,<br><br>Defendants. | CV 24-28-H-BMM-KLD<br><br>FINDINGS & RECOMMENDATION |

This matter comes before the Court on Defendant Vroom Automotive, LLC's Partial Motion to Dismiss for lack of standing and for failure to state a claim for relief pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (Doc. 43). For the reasons stated below, Vroom's Rule 12(b)(1) motion to dismiss for lack of standing should be denied, but its Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted.

I. **Background**[1]

Vroom is an online automotive retailer that does business in the state of

---

[1] The following facts relevant to Vroom's motion to dismiss are taken from the Amended Complaint and are accepted as true for purposes of this motion.

Montana. (Doc. 53 at ¶ 2). On September 2, 2020, Plaintiff Kimberly Myhre ("Kimberly") purchased a 2020 Kia Telluride from Vroom, and as part of that transaction she provided Vroom with personally identifying information. (Doc. 53 at ¶¶ 9-10). Vroom then shared inaccurate personally identifying information about Kimberly with a third-party lending partner, Defendant Westlake Financial, without Kimberly's authorization or consent. (Doc. 53 at ¶¶ 11, 13, 34).

Westlake Financial used Kimberly's personally identifying information to originate a loan for a different borrower, who later defaulted on the loan. (Doc. 53 at ¶¶ 14-15). Westlake Financial then reported false information to three consumer reporting agencies—Defendants Experian, Equifax Information Services, LLC, and Transunion, LLC—which seriously damaged Kimberly's credit rating. (Doc. 53 at ¶ 16, 18). Kimberly contacted Vroom multiple times between March 2023 and July 2023 in an attempt to resolve the matter. (Doc. 53 at ¶¶ 20, 29-32). As of September 11, 2023, however, the incorrect information was still reported on her consumer credit report. (Doc. 53 at ¶ 35). As a result of the reporting of incorrect information to the credit reporting agencies, Kimberly and her husband, Plaintiff Kyle Myhre, "have been unable to secure reasonable financing for the purchase of a residence." (Doc. 53 at ¶ 36).

On April 17, 2024, Plaintiffs filed suit against Vroom, Westlake Financial, and three credit reporting agencies—Experian, Equifax Information Services, and

Transunion, LLC. (Doc. 1). Plaintiffs alleged FCRA claims against Equifax, Experian, and TransUnion (Count 1), FCRA claims against Westlake Financial and Vroom (Count 2), and a Montana common law claim for negligence against all Defendants (Count 3). (Doc. 1 at 8-11).

In response to a Rule 12(b) motion to dismiss by Westlake Financial, Plaintiffs stipulated that Kyle lacked standing to assert FCRA claims against Westlake Financial, and that both of their negligence claims against Westlake Financial were preempted by the FCRA. (Doc. 39). On August 20, 2024, based on Plaintiffs' stipulation, the Court dismissed Kyle's FCRA claim against Westlake Financial, and both Plaintiffs' state law negligence claims against Westlake Financial. (Doc. 47). On August 21, 2024, Plaintiffs filed a stipulation to dismiss their claims against Experian and TransUnion on the ground they had reached a settlement, and the Court dismissed Experian and TransUnion from the case. (Docs. 48–51).

In the meantime, on July 19, 2024, Vroom filed the pending motion to dismiss Plaintiffs' FCRA claims for failure to state a claim for relief, to dismiss Kyle's negligence claim for lack of standing and failure to state a claim for relief, and to dismiss Plaintiffs' request for punitive damages under a state law theory of negligence. (Doc. 43). In their response, Plaintiffs conceded that for claims arising under state law, the recently adopted Mont. Code Ann. § 27-1-221(5) prohibits a

request for punitive damages in an initial pleading. (Doc. 46 at 3). *See King v. Health Care Servs., Corp.*, 2024 WL 3430602 at *3 (D. Mont. July 15, 2024).

On August 30, 2024, Plaintiffs filed an Amended Complaint to reflect that Experian and TransUnion have been dismissed from the case, and that Kimberly's FCRA claim is sole remaining claim against Westlake Financial. Plaintiffs also eliminated their request for punitive damages under a state law theory of negligence, thereby mooting this aspect of Vroom's motion to dismiss. (Doc. 53).

Approximately two weeks later, Plaintiffs stipulated to dismiss their FCRA claims against Vroom without prejudice based on Vroom's representation that it is not a furnisher as defined by the FCRA. (Doc. 54 at 2). Because the Amended Complaint does not make any new or different allegations against Vroom, the parties further stipulated that Vroom should not be required to file a renewed motion to dismiss. (Doc. 54).

Pursuant to the parties' stipulation, the Court entered an order on September 18, 2024, dismissing Plaintiffs' FCRA claims against Vroom without prejudice. Because the FCRA claims against it have been dismissed, and the Amended Complaint does not include a request for punitive damages under state law, the only portion of Vroom's Rule 12(b) motion that remains pending is its motion to dismiss Kyle's negligence claim for lack of standing and failure to state a claim for relief. (Doc. 43 at 2).

## II. Legal Standard

### A. Rule 12(b)(1)

Because standing under Article III of the United States Constitution relates to a district court's subject matter jurisdiction, it is properly raised in a Rule 12(b)(1) motion to dismiss. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

To satisfy Article III's standing requirements, a plaintiff must show: (1) an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is "fairly traceable" to the defendant's conduct, meaning that there must be a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Vroom argues that Kyle has not adequately alleged the injury in fact and causation elements of standing, which raises a facial challenge to subject matter

jurisdiction.

The success of a facial challenge to jurisdiction depends on the allegations in the complaint and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2001), *overruled on other grounds as recognized by Munoz v. Superior Ct. of Los Angeles* County, 91 F.4th 977, 981 (9th Cir. 2024)). When considering such a facial challenge, the court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiffs. *Wolfe*, 392 F.3d at 362.

### B. Rule 12(b)(6)

The standard for dismissal for dismissal under Rule 12(b)(6) is the same as the standard that applies to a facial attack on jurisdiction under Rule 12(b)(1). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A plaintiff must state a claim for relief that is "plausible on its face" to survive a motion to dismiss. *Zixiang Li*, 710 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether this standard is satisfied, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008). Assessing a claim's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. Discussion

Because subject matter jurisdiction must "be established as a threshold matter," the Court begins with Vroom's argument that Kyle has not adequately alleged an injury in fact and causation as required to establish Article III standing. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Vroom does not contest that Kimberly has standing to bring a negligence claim, but contends Kyle lacks standing to do so because the Amended Complaint does not allege any facts demonstrating that the "reporting error on Kimberly's credit report caused him actual harm." (Doc. 44 at 8-9).

At the time Vroom filed its motion to dismiss, Kyle was alleging FCRA

claims in addition to negligence. (Doc. 1). In its opening brief, Vroom acknowledged caselaw holding that both spouses have standing to sue for damages under FCRA if the information in a credit report relates to both a husband and wife. (Doc. 44 at 9, citing *Soghomonian v. United States*, 278 F.Supp.2d 1151, 1167 (E.D. Cal. 2003)). *See also, Ashby v. Farmers Ins. Co. of Oregon*, 565 F.Supp.2d 1188, 1202 (D. Ore. 2008) ("The standing of a spouse to bring a FRCA claim depends on whether the information in the consumer credit report relates or refers to both spouses.") (internal quotation marks and citation omitted). Applying the rule from these cases here, Vroom argued Kyle does not have standing to sue under FCRA or on a negligence theory because he has not alleged that information regarding the defaulted Westlake Financial loan was reported on his credit or in a way that related to both him and Kimberly, and has not alleged any facts demonstrating that he suffered actual harm as a result of the reporting error on Kimberly's credit report.

    Because Plaintiffs subsequently stipulated to dismiss their FCRA claims against Vroom, the FCRA cases cited by Vroom are inapposite to whether Kyle has standing to bring a negligence claim under Montana law. Vroom does not rely on FCRA cases in its reply, but rather argues that Plaintiffs have simply failed to plead an injury in fact as required for Kyle to bring a common law negligence claim and have not adequately pled the elements of negligence.

8

Plaintiffs counter that they have provided sufficient factual allegations to establish that Kyle suffered an actual injury because their Amended Complaint alleges the following: "As a result of Defendants' false and defamatory reporting of incorrect information to the credit reporting agencies, Plaintiffs have been unable to secure reasonable financing for the purchase of a residence." (Doc. 53 at ¶ 36).

Taken as true and construed in the light most favorable to Plaintiffs, the allegation that both Kyle and his wife suffered an adverse credit decision and were unable to secure reasonable financing as a result of the error on Kimberly's credit report is sufficient to establish that Kyle suffered a concrete injury in fact as required to have Article III standing to bring a negligence claim. *See e.g. Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) (economic injury constitutes an injury in fact for purposes of establishing standing and citing several cases).

Even if Kyle does have standing, Vroom argues he fails to state a claim for relief because he has not adequately pled the elements of negligence. To state a claim for negligence under Montana law, a plaintiff must plead four essential elements: (1) duty; (2) breach; (3) causation; and (4) damages. *See Fisher v. Swift Transp. Co.*, 181 P.3d 601 (Mont. 2008); *Hatch v. State Dept. of Highways,* 887 P.2d 729, 732 (Mont. 1994).

As set forth in the Amended Complaint, Plaintiffs' negligence claim alleges

that Vroom "had a duty to follow reasonable procedures to assure maximum possible accuracy of the information in Mrs. Myhre's consumer credit reports, to conduct a reasonable investigation into the matters disputed by Mrs. Myhre, and to correct Mrs. Myhre's consumer credit report to entire that the information on the consumer's credit report was accurate." (Doc. 53 at ¶ 50). Plaintiffs allege that Vroom "failed to exercise appropriate care in following reasonable procedures to assure maximum possible accuracy of the information in Mrs. Myhre's consumer credit reports, failed to conduct a reasonable investigation into the matters disputed by Mrs. Myhre, and failed to correct Mrs. Myhre's consumer credit report to ensure that the information on the consumer's credit report was accurate." (Doc. 53 at ¶ 51). Plaintiffs further allege that Kyle has been damaged by Vroom's negligence, and that Vroom was the proximate cause of those damages. (Doc. 53 at ¶¶ 52, 54).

Notably, all of the supporting factual assertions in Plaintiffs' negligence claim relate to Kimberly. In their response brief, Plaintiffs rely on principles of foreseeability in an attempt to establish that Vroom owed Kyle a legal duty. (Doc. 46 at 5). Under Montana law, foreseeability is of "prime importance" in establishing the duty element of negligence. *Poole v. Poole*, 1 P.3d 936, 939 (Mont. 2000). Plaintiffs do not allege that Kyle ever applied for a loan through Vroom, that Vroom had any access whatsoever to his personally identifying

information, or that Kyle had any type of legal relationship with Vroom. In fact, Plaintiffs do not allege that Vroom had any interaction or contact with Kyle at all, or that Vroom was even aware that he and Kimberly were married. Because Plaintiffs have failed to allege facts showing that it was foreseeable to Vroom that its handling of Kimberly's personal information would cause harm to Kyle, they have not established the duty element of a negligence claim under Montana law. The Amended Complaint's conclusory assertion Vroom was "the proximate cause of" Kyle's alleged inability to obtain reasonable financing to purchase a home is similarly unsupported by factual allegations explaining how this might be so. (Doc. 53 at ¶¶ 52, 54).

In sum, Plaintiffs fail to allege facts permitting the Court to draw the reasonable inference that Vroom is liable to Kyle for reporting inaccurate personally identifying information about Kimberly to Westlake Financial without her authorization or consent. Vroom's motion to dismiss Kyle's negligence claim should be granted accordingly.

Although Vroom asks the Court to dismiss Kyle's negligence claim with prejudice (Doc. 44 at 11), dismissal without prejudice is appropriate. Dismissal for failure to state a claim or for lack of standing should ordinarily be without prejudice. *See e.g. Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (failure to state a claim); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646,

656 (9th Cir. 2017) (lack of standing). But dismissal with prejudice is appropriate if "it is clear ... that the complaint could not be saved by amendment," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), or if "the court determine[s] that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). Because Plaintiffs could allege additional facts consistent with those already pled to cure the deficiencies identified above, Kyle's negligence claim should be dismissed without prejudice.

## IV. Conclusion

Accordingly,

IT IS RECOMMENDED that Vroom's Partial Motion to Dismiss for lack of standing pursuant to Rule 12(b)(1) be DENIED, but its motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6) be GRANTED, and Plaintiff Kyle Myhre's negligence claim against Vroom be DISMISSED without prejudice. (Doc. 43). A preliminary pretrial conference in this matter will be scheduled by separate order after presiding Chief District Judge Brian Morris rules on the motion to dismiss.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 30th day of October, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge