IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KIMBERLY MYHRE and KYLE MYHRE,<br><br>                    Plaintiffs,<br><br>vs.<br><br>VROOM AUTOMOTIVE, LLC f/k/a LEFT GATE PROPERTY HOLDING, LCC, d/b/a VROOM, WESTLAKE FINANCIAL SERVICES, LLC d/b/a WESTLAKE FINANCIAL; EQUIFAX INFORMATION SERVICES, LLC; and JOHN DOES 1-10,<br><br>                    Defendants. | CV 24-28-H-BMM-KLD<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Plaintiffs Kimberly and Kyle Myhre ("Myhres") brought this suit for negligence and violations of the Fair Credit Reporting Act against Defendants. (Doc. 1.) Myhres allege that Defendant Vroom shared inaccurate personal identifying information about Kimberly Myhre with a third-party lender, Defendant Westlake Financial, without Kimberly Myhre's authorization. Westlake

1

Financial then used this information to originate a loan for a different borrower, who defaulted on the loan. Westlake's report of the default to three consumer credit reporting agencies damaged Kimberly Myhre's credit rating and prevented Myhres from securing financing to purchase a home. (Doc. 53.)

Defendant Vroom Automotive moved to dismiss Myhres' FCRA claims for failure to state a claim for relief, to dismiss Kyle Myhre's negligence claim for lack of standing and failure to state a claim for relief, and to dismiss Myhres' request for punitive damages. (Doc. 43.) Myhres conceded that Mont. Code Ann. § 27-1-221(5) prohibits a request for punitive damages in an initial pleading (Doc. 46 at 3) and filed an amended complaint without a claim for punitive damages. (Doc. 53.) The parties further stipulated to the dismissal of Myhres' FCRA claim against Vroom without prejudice. (Doc. 54 at 2.)

Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on October 30, 2024, as to the remaining portions of Vroom's motion to dismiss based on Kyle Myhre's lack of standing and failure to state a claim for relief. (Doc. 58.) Magistrate Judge DeSoto found that Kyle Myhre pleaded sufficient facts to establish Article III standing because Myhres both suffered an adverse credit decision that impacted their ability to secure financing for a home. (Doc. 58 at 9.) Magistrate Judge DeSoto found, however, that Kyle Myhre failed to establish that Vroom owed him a duty of care. (Doc. 58 at 11.) Magistrate Judge

DeSoto recommended dismissal of Kyle Myhre's negligence claim without prejudice because Kyle Myhre has not established all elements of negligence. (Doc. 58 at 11.)

Neither party filed objections to the Findings and Recommendations. The parties have waived the right to de novo review thereof. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Reviewing for clear error and finding none,

**IT IS HEREBY ORDERED** that Magistrate Judge DeSoto's Findings and Recommendations (Doc. 58) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that

1) Vroom's Partial Motion to Dismiss for lack of standing pursuant to Rule 12(b)(1) is **DENIED**, but its Motion to Dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6) (Doc. 43) is **GRANTED**.

2) Plaintiff Kyle Myhre's negligence claim against Vroom is hereby **DISMISSED** without prejudice.

DATED this 19th day of November, 2024.

_____
Brian Morris, Chief District Judge
United States District Court